IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00348-MEH

FREDERIC CHARLES DENEFFE,

    Plaintiff,

v.

SKYWEST, INC.,

    Defendant.

---

**ORDER ON PENDING MOTIONS**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are the Defendant's Motion for Judgment on the Pleadings [filed October 14, 2014; docket #31] and Plaintiff's Motion for Leave to File Second Amended Complaint [filed December 1, 2014; docket #39]. These matters are fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motions. For the following reasons, the motions are **granted in part and denied in part**.

**I.**  **Background**

Plaintiff originated this action on February 7, 2014, then filed a First Amended Complaint as a matter of course on April 24, 2014 alleging essentially that Defendant violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Colorado Anti-Discrimination Act ("CADA") and the Colorado common law in the form of libel per se by terminating his employment based upon sex, sexual orientation and age, and making false, derogatory statements to third parties about his employment termination. *See* First Amended Complaint, ¶¶ 1, 12, docket #12 at 2-3. Defendant filed an Answer to the First Amended Complaint on June 24, 2014 (docket #17), and this Court issued a Scheduling Order on July 9, 2014

setting a deadline for amendment of pleadings as August 22, 2014 (docket #25).

Defendant filed the present motion for judgment on October 14, 2014, arguing that the Court lacks subject matter jurisdiction because the allegations in the First Amended Complaint reflect the Plaintiff failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and, thus, failed to exhaust his administrative remedies, and because Defendant is entitled to absolute immunity for statements made pursuant to statutory and regulatory disclosure requirements.

Plaintiff filed the present motion to amend on December 1, 2014 seeking to correct deficiencies described in Defendant's motion, to withdraw his libel claim, and to add and clarify certain facts supporting his discrimination claims based upon information he learned during the discovery process. Motion, docket #39 at 2-3. At the same time, Plaintiff responded to Defendant's motion based upon allegations made in the proposed Second Amended Complaint. Docket #40.

Defendant opposes the Plaintiff's motion arguing that the proposed amendments are untimely as filed well after the amendment deadline, and futile as subject to the pending motion for judgment. Docket #43. Plaintiff replies clarifying that he does not seek relief for his termination in June 2012, but for the Defendant's dissemination of allegedly false information to prospective employers in April 2013. Docket #46.

**II.     Analysis**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly

2

prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). To show good cause, a plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter*, 451 F.3d at 1205 n.4.

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

Here, Defendant challenges the timeliness of Plaintiff's proposed amendments based not on the passage of the Scheduling Order deadline but on the fact that Plaintiff "knew the reasons for his termination" at the time of his termination and, thus, at the time he initiated this lawsuit. However, as clarified by the Plaintiff in his January 9, 2015 reply brief, with his proposed amendments he is "seeking relief based on SkyWest's dissemination of information to potential employers, ***not its having terminated his employment***." Docket #46 at 2 (emphasis added). With this concession and the accompanying information provided in the reply brief, the Court finds that any proposed amendments from which it may be inferred that Plaintiff seeks relief based on his employment termination (*i.e.*, ¶¶160, 161, 173, 174, 183, 184, and 185 in the proposed Second Amended Complaint) are inconsistent with Plaintiff's position and will not be accepted.

However, Plaintiff's allegations also reflect that he learned on April 26, 2013 about the disseminated information; 180 days later, on October 23, 2013, he filed a charge of discrimination with the EEOC.[1] The allegations are also amended to include information apparently learned during discovery and used to support Plaintiff's allegations that the disseminated information was false and that he could not have learned of it prior to April 2013. Accordingly, the Court finds that, although the deadline for amendment has passed, good cause exists to extend the deadline for these amendments. *See Pumpco*, 204 F.R.D. at 668-69 ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline").

---

[1] Although these allegations, taken as true, reflect that the charge of discrimination may have been timely filed for certain claims, the Notice of Right to sue reflects the EEOC's finding that "charge was not timely filed." Docket #31-1. Neither party provided the Court a copy of the charge itself and there is no indication that the Plaintiff sought appeal or correction, if available, of the EEOC's finding.

Moreover, the Court finds that Plaintiff's amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Defendant claims no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, discovery was stayed on October 28, 2014, and the Court may extend discovery deadlines and trial dates as needed.

Regarding Defendant's argument that Plaintiff's proposed pleading fails to cure deficiencies identified in the motion for judgment, the Court finds particularly instructive the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12 motion, and frame the issues to be decided.

With this in mind, the Court finds that it is not necessarily improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12 motion. Thus, proposed amendments that seek to clarify or explain facts asserted in an original complaint, or to add additional factual allegations concerning a claim's required elements, are proper. The Court perceives no bad faith on the part of the Plaintiff in seeking to correct defects raised in the Defendant's pending motion for judgment. However, the Court reminds the Plaintiff of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter*, 451 F.3d

at 1206 ( "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition when reviewing any further amendments.

With respect to Defendant's futility argument, the Court will turn to the motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings must be evaluated by this Court using the same standard for motions under Fed. R. Civ. P. 12(b)(6). *Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011). The principal difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is the latter is typically filed after an answer has been filed asserting the affirmative defense of a failure to state a claim under Rule 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

According to the Plaintiff, his sole factual basis for his claims for relief is the Defendant's dissemination of information to prospective employers, about which the Plaintiff learned on April 26, 2013. This "sole basis" did not become clear until Plaintiff filed his January 9, 2015 reply brief; thus, it is not surprising that Defendant focused its arguments in the motion and briefing primarily on Plaintiff's June 2012 termination and when Plaintiff allegedly learned the reasons/motivations for his termination to determine whether Plaintiff's claims are timely. However, Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff failed to file timely charges of discrimination for his Title VII, ADEA and CADA claims.

"Prior to commencing a Title VII or [ADEA] action in federal court in a 'deferral state' like Colorado, a plaintiff first must exhaust administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice." *Castaldo v. Denver Pub. Schs.*, 276 F. App'x 839, 841 (10th Cir. 2008) (citing *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 & n.3 (10th Cir. 2007)). This administrative time limit is akin to a statute of limitations and, therefore, subject to waiver, estoppel and equitable tolling. *Id.* (citing *Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984)). However, Colorado law requires that discrimination charges be filed within "six months after the alleged discriminatory or unfair employment practice occurred." Colo. Rev. Stat. § 24-34-403. A claim is time-barred and not actionable if it is not filed

within these limits, *id.*, but, this time limit is also subject to equitable tolling. *See Quicker v. Colo. Civil Rights Comm'n*, 747 P.2d 682, 683 (Colo. App. 1987).

"Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" for which a charge of discrimination must be filed. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred." *Id.* at 113; *see also Duncan*, 397 F.3d at 1308 ("Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct.").

"It is [notice or ] knowledge of the adverse employment decision itself that triggers the running of the statute of limitations," not notice or knowledge of a discriminatory motivation. *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1187 (10th Cir. 2003) (quoting *Hulsey v. KMart, Inc.*, 43 F.3d 555, 558-59 (10th Cir. 1994)). "In the employment context,

> a claim accrues when the disputed employment practice ... is first announced to the plaintiff. Sometimes, of course, an adverse employment decision isn't announced and the employee doesn't learn of it until much later – and in those circumstances courts revert to asking when the plaintiff did or a reasonable employee would have known of the employer's decision. But in all events, and consistent with the general federal rule, an employee who discovers, or should have discovered, the injury (the adverse employment decision) need not be aware of the unlawful discriminatory intent behind that act for the limitations clock to start ticking.

*Benton v. Town of South Fork & Police Dep't*, 553 F. App'x 772, 781 (10th Cir. 2014) (quoting *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1177 (10th Cir. 2011)).

Here, Plaintiff argues that he learned of Defendant's dissemination of false termination information to prospective employers (which he alleges was based upon his age and sexual

orientation)² on April 26, 2013, 180 days before Plaintiff filed a charge of discrimination with the EEOC on October 23, 2013. However, the allegations reflect that Plaintiff learned "in or around March 2013" that "another airline was considering hiring" him and, "[o]n March 5, 2013, Deneffe signed a release allowing SkyWest to provide a potential employer the records it had maintained relating to Deneffe's employment." Second Amended Complaint, ¶¶ 147, 148, docket 39-1. Thus, although Plaintiff may not have learned of the "false" or "discriminatory" nature of the disseminated information until April 26, 2013, he knew that Defendant disseminated his employment information to a prospective employer in early March 2013. *See Benton*, 553 F. App'x at 781-82. Taking these allegations as true, the charge of discrimination for Plaintiff's Title VII and ADEA claims was timely filed within 300 days of March 2013; however, the charge was not timely filed within 180 days for the CADA claim.

Plaintiff argues that it would be "appropriate" to toll the statute of limitations in this case. Response, docket #40 at 7. Equitable tolling "is appropriate only where the circumstances of the case rise to the level of active deception ... where a plaintiff is lulled into inaction by [his] past employer, state or federal agencies, or the courts." *Benton*, 553 F. App'x at 779 (quoting *Hulsey*, 43 F.3d at 557. Equitable tolling will not apply "unless an employee's failure to timely file results from either a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Id.* (internal quotation marks omitted). Similarly, "it is generally accepted that when an employer misleads an employee

---

²Defendant seems to imply that Plaintiff's claim in this respect must be couched as a "retaliation" claim as opposed to a "discrimination" claim. To the extent Defendant argues such and relies on the Tenth Circuit's opinion in *Benton* for its argument, the Court finds that the plaintiff in *Benton* simply alleged a retaliation claim and identified the dissemination of false information to prospective employers as an adverse employment action taken in retaliation for protected activity. There is nothing in the *Benton* opinion indicating that such adverse action may only be alleged for retaliation, as opposed to discrimination, claims.

9

regarding a cause of action, equitable estoppel may be invoked." *Id.* (quoting *Donovan v. Hahner, Foreman & Harness, Inc.*, 736 F.2d 1421, 1427 (10th Cir. 1984)).

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Id.* (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)). Therefore, a statute of limitations question may be appropriately resolved on a motion to dismiss. *Id.*

Plaintiff contends that "[u]ntil SkyWest sent Deneffe's employment records to him in late April 2013, the airline gave him no notice that it would publish to third parties a statement suggesting that it had terminated him for 'inability' or 'performance' and deemed him 'ineligible for rehire.' SkyWest should have understood that by providing him no clear notice of the reasons it terminated him would cause Deneffe to delay in filing a charge of discrimination." Response, docket #40 at 8. In other words, Plaintiff argues that, had he known in March 2013 when he learned of the prospective employer's interest and signed the release for employment records from Defendant that the records contained a performance-related reason for his termination, he would have filed a charge at that time; however, Defendant failed or refused to provide him the records or notify him of the performance-related reason.

The Court must agree with Defendant that the allegations reflect Plaintiff knew or reasonably should have known of the performance-related reason for his termination before April 2013. Plaintiff alleges that on June 7, 2012, when Chief Pilot Graser called Plaintiff into his office and terminated him, Plaintiff asked Graser "to explain the grounds for SkyWest's decision" and Graser responded that "SkyWest was 'not happy with Deneffe's work.'" Second Amended Complaint, ¶¶ 103-106, docket #39-1. When Plaintiff pressed Graser for "specific incidents or examples of

performance that SkyWest was unsatisfied with, Graser briefly mentioned criticism of Deneffe's performance dating back to November 2011." *Id.*, ¶ 108.  Although Plaintiff may have disagreed, this alleged conversation put Plaintiff on notice that Defendant's grounds for his termination were performance-related.  Thus, while the Plaintiff may not have known that Defendant would disseminate employment information to prospective employers until March 2013, he was on notice that such information might include Defendant's performance-related termination decision in June 2012. With such notice, whether Defendant failed or refused to provide him his employment records after his termination is immaterial.  *See Benton*, 553 F. App'x at 781-82.

Accordingly, the Court finds that the statute of limitations is not properly tolled for Plaintiff's CADA claim, which was untimely filed and is barred from this action, but the Court has subject matter jurisdiction over the Title VII and ADEA claims, which were properly filed within the 300-day period.  Defendant argues, though, that it is absolutely immune from liability for its dissemination of Plaintiff's termination information to prospective employers.  Importantly, Defendant focused this argument on the state law claim for libel *per se* citing Colorado law and, rather than responding to this argument, the Plaintiff dropped the libel claim. The Defendant cited no federal law nor any other support for the proposition that a defendant is absolutely immune from the litigation of federal claims, such as those brought under Title VII or the ADEA, alleging the adverse action of disseminating information to prospective employers, and the Court has found none.

Consequently, the Court finds that Plaintiff demonstrates good cause to file the proposed Second Amended Complaint after the Scheduling Order deadline, alleging Title VII and ADEA claims based upon the allegation that he discovered in March 2013 the Defendant disseminated "false and discriminatory" employment termination information to prospective employers based upon his sex, sexual orientation and age. Any claims for relief based upon the Plaintiff's termination

or any actions that took place during his employment are barred.

**III.    Conclusion**

Rule 15(a) requires that courts "freely give leave when justice so requires."  The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182.  Here, the Court finds that certain of Plaintiff's proposed amendments are timely, will not prejudice the Defendant and are not made in bad faith.  However, any amendments that seek relief for Plaintiff's termination of employment or other actions that took place during Plaintiff's employment are not accepted in this case.

Accordingly, Defendant's Motion for Judgment on the Pleadings [filed October 14, 2014; docket #31] and Plaintiff's Motion for Leave to File Second Amended Complaint [filed December 1, 2014; docket #39] are **granted in part and denied in part** as set forth herein.  The Plaintiff shall file the Second Amended Complaint, modified in accordance with this order (including the omission of the above-specified paragraphs and any other allegations that do not conform to this order), on or before January 20, 2015.  Defendant shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 16th day of January, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge